## THOMASVILLE LIVE STOCK COMPANY *v.* BATTLE.

FISH, C. J. On June 25, 1913, J. J. Battle instituted an action of trover and bail agaist the Thomasville Live Stock Company, for the recovery of a certain described mule. On the trial it appeared that the plaintiff in February, 1911, had sold the mule to Sloan for $324.50, taking his note for that sum payable in October following, with the stipulation in the note that title to the mule was to remain in Battle until all the purchase-price should be paid. Sloan sold the mule to Wood, Wood sold it to Monroe, and Monroe sold it to the defendant. A demand in behalf of the plaintiff was made upon the defendant for the mule on June 6, 1913, and the defendant refused to deliver the same. The plaintiff testified as follows: "The note was originally $324.50. There has been a credit of $85.00 and $50.00 on the note. . . At the time of the institution of the proceedings the value of the mule was the full value of the note. Mules had gone up at the time the suit was filed. They were higher than when the mule was sold. . . When I sold the mule he was about seven years old. This was in February, 1911, about four years ago. I alleged that the mule was worth $324.50. That is the value when the note fell due. I sold him in February, and the note was due in October following. That was a credit price. I do not know that I had any cash price. . . The cash price was about $300.00. It would run about that. I would not have sold the mule for cash for two hundred and seventy-five dollars. . . He was fully worth as much as $250.00." There was no other evidence tending to show any definite value of the mule at any time, though the testimony of some of the persons who had traded for the mule was to the effect that he was in a bad condition, too slow and old to make a crop. The plaintiff elected to take a money verdict, and the court directed a verdict in his behalf for $240.00. The defendant assigned error upon such direction. *Held:* It is only where there is no conflict in the evidence, and that introduced with all reasonable deductions or inferences therefrom demands a particular verdict, that the court is authorized to direct the jury to find for the party entitled thereto. Civil Code (1910), § 5926. It is clear that under this provision the particular verdict directed by the court for the plaintiff in the action was not demanded.      *Judgment reversed. All the Justices concur.*

         JULY 12, 1916.

Trover. Before Judge Cox. Thomas superior court. April 20, 1915.

*Theodore Titus* and *Merrill & Grantham,* for plaintiff in error.
*Parker & Mather* and *Roscoe Luke,* contra.